LEMMON, Justice.
Plaintiffs, the owner of certain immovable property and the holder of an option to purchase the property, filed an application to amend the property’s zoning classification from B-3 Business District to L-1A Liquor District so as to permit use of the property as a convenience store with packaged beer sales. When the City Council of Bossier City denied the application, plaintiffs filed this action seeking (1) to obtain a judgment ordering approval of the application or, alternatively, (2) to have the pertinent section of the zoning ordinance declared unconstitutional as lacking objective standards for the determination of special use application. After a two-day trial on the merits, the trial court declared unconstitutional Section 31-97 (L-1A District) of the City’s Code of Ordinances. The City then appealed directly to this court pursuant to La. Const, art. V, § 5(A).
Section 3-3(a) of the Bossier City Code, in Chapter 3 of the Code entitled Alcoholic Beverages, generally prohibits the sale of alcoholic beverages in any section of the City other than a section where the sale is permitted by the applicable zoning ordinances. Section 31-97, in the Liquor Districts division of Chapter 31 of the Code entitled Zoning, requires L-1A zoning classification for those business establishments which engage in the sale of beer and wine for consumption off the premises.[1] Section 31-97 further limits L-1A zoning classification to those properties already in B-3 Business Districts and requires the making of a special application to obtain an L-1A zoning classification.[2]
*1086 The trial court ruled that Section 31-97 is unconstitutional under this court’s decision in Morton v. Jefferson Parish Council, 419 So.2d 431 (La.1982). The Morton decision struck down a zoning ordinance provision which required approval by the governing authority in order to use property, located in a district zoned for single family residences, as a nursery school. Pointing out that such special uses may be generally compatible with the zoning district, but may not be appropriate at every location in the district, this court held that the determination of whether a special use permit for specific property in a zoning district will adversely affect adjoining property or the general community must be based on objective guidelines contained in the ordinance.
In the present case the City concedes that Section 31-97 is unconstitutional under the Morton decision, but contends that the trial judge erred in reaching the constitutional issue. Citing Benson & Gold Chevrolet, Inc. v. Louisiana Motor Vehicle Commission, 403 So.2d 13 (La. 1981), the City argues that courts should refrain from deciding constitutional challenges unless the decision is necessary to the resolution of the litigation. It is the City’s position that if the subject property does not meet the requirements of Section 3-4 of the City Code (which prohibits the sale of alcoholic beverages from, and the granting of a permit for, any premises situated within 300 feet of a school), then the trial court should have resolved the litigation on the Section 3-4 deficiency rather than declaring another section of the Code (Section 31-97) unconstitutional.
The express relief sought in the present litigation was for the court to order the City, which had denied plaintiffs' application for L-1A zoning, to zone the property as L-1A under Section 31-97 or to declare Section 31-97 unconstitutional. The trial court arguably could have avoided the constitutional issue by ordering the City to zone the property L-1A if the evidence had warranted such a disposition. However, none of the pleadings by any party to this litigation raised the issue of any violation of Section 3-4 by plaintiffs in selling alcoholic beverages from the premises within 300 feet of a school or in obtaining a permit to sell alcoholic beverages from the premises.[3]
However, the evidence at the trial, introduced without objection, made it clear that the parties intended to present the 300-foot distance issue to the court. In his opening statement, plaintiffs’ counsel stated that their witness would testify that the “distance requirements from the school” had been met. Both sides called surveyors as expert witnesses to establish distance measurements from the subject property to the school.[4] During the testimony of his expert, plaintiffs’ counsel stated that he had instructed the surveyor as to the route to be followed in measuring the distance, noting that the correct method of measurement was “for the Judge to decide”. Nevertheless, the original petition had not requested a mandamus (mandatory injunction) to order issuance of an alcoholic beverage permit, and there was no request during or after trial to amend the pleadings under La.C.C.P. art. 1154 to conform to the evidence which may have expanded the pleadings.
On the other hand, the trial judge in his reasons for judgment noted that Section 31-97 requires only that the business establishment seeking L-1A zoning classification be located in a B-3 Business District and conform to all other requirements of the Chapter on Zoning in the City Code relating to the zoning district where the establishment is to be located. The judge found compliance with this requirement and concluded that the “only question [was] whether or not this plaintiff ought to *1087 be granted the zoning classification of Ir-ik”. Thus, the trial judge apparently did not believe he should resolve the litigation by ruling on the question of the proposed building’s location within 300 feet of the school.
On this confusing record, one cannot reasonably conclude that the unpleaded 300-foot distance issue was tried by the implied consent of the parties under La.C.C.P. art. 1154, especially since plaintiffs have never applied for a permit to sell alcoholic beverages. On the other hand, the parties probably introduced all of their evidence on the issue into the record in this case. There appears to be little benefit to the City, as appellant in this case, to salvage for the moment a portion of an ordinance which it concedes to be unconstitutional.[5] By the same token, the 300-foot distance issue will become ripe for determination as soon as plaintiffs apply for a permit to sell beer and wine.[6] Therefore, there is a substantial value, in terms of judicial efficiency, in preserving the significant amount of evidence already produced on the issue. We therefore conclude that the judgment declaring Section 31-97 unconstitutional should be set aside and that the case should be remanded to the district court for formal amendment of the pleadings, for additional evidence, if necessary, and for adjudication of the 300-foot distance issue prior to a decision on constitutionality.[7]
Accordingly, the judgment of the trial court is set aside. The case is remanded to the trial court for further proceedings consistent with this opinion.

. Other sections require similar special zoning classifications for the sale of beverages with higher alcoholic content and for the sale of alcoholic beverages for consumption on the premises.

. The evidence established that the City Council adopted the amendment adding the Liquor Districts sections to the zoning laws for the purpose of securing control over the location of liquor outlets.

. At the time of trial plaintiffs had not yet applied for a permit to sell alcoholic beverages.

. The subject property was across Airline Drive from the school. If measured at the traffic light at the intersection of Airline Drive and Viking Drive, the distance was greater than 300 feet. However, because the width of the right-of-way of Airline Drive narrowed away from the intersection, one could measure the distance, at a point of crossing away from the intersection, at less than 300 feet.

.The only reason this court has appellate jurisdiction in the matter is because the ordinance was declared unconstitutional. While this court as a matter of policy refrains from deciding other issues unrelated to unconstitutionality, it is appropriate to determine whether the declaration of unconstitutionality was necessary.

. The same minimum distance requirement is also contained in La.R.S. 26:280 C.

. If plaintiffs amend their petition on remand and the trial judge rules in favor of plaintiffs on the 300-foot requirement of Section 3-4, the judge should then rule again on the constitutional issue.